IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

RICKY D. STARKEY, )
)
      Plaintiff, )
)
v. ) Case No. 12-3250-CV-S-ODS-SSA
)
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security, )
)
      Defendant. )

ORDER AND OPINION REVERSING COMMISSIONER'S FINAL
<u>DECISION AND REMANDING FOR RECONSIDERATION</u>

      Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for disability and supplemental security income benefits. The Commissioner's final decision is reversed, and the case is remanded for reconsideration.

      The ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible prior to June 1, 2009, to the extent they are inconsistent with the residual functional capacity assessment." R. 22. Although the ALJ cited to *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), in his opinion, the Court is unable to determine how exactly the ALJ analyzed Plaintiff's credibility. First, in discussing Plaintiff's credibility, the ALJ wrote:

> Dr. Kensey noted that the claimant alleged limitations with activities of daily living due to pain and his allegations, the medical evidence of record, and his medically determinable impairments were somewhat inconsistent and partially credible with noted noncompliance secondary to financial issues.

R. 23. The ALJ did not expand upon this paragraph, and did not cite to any specific activities of daily living that were inconsistent with Plaintiff's subjective complaints of pain. If the ALJ found Plaintiff's activities of daily living inconsistent with his subjective complaints of pain, the Court does not understand how the ALJ came to

such a conclusion when Plaintiff testified that he has problems driving, is no longer is able to enjoy hunting and fishing, rarely does the dishes, and does not do housework, yard work, or grocery shopping. R. 43-44, 56-57.

Next the ALJ considered Plaintiff's non-compliance in taking prescribed medications and "seemingly drug seeking behavior" in finding Plaintiff not credible. R. 23. The Court acknowledges that Plaintiff's non-compliance in taking prescribed medications may suggest that Plaintiff's symptoms may not have been as limiting as he has alleged. *See Anderson v. Barnhart*, 344 F.3d 809 (8th Cir. 2003) ("A claimant's misuse of medications is a valid factor in an ALJ's credibility determinations."); *Klingler v. Astrue*, No 11-3066-CV-S-REL-SSA, 2012 WL 1948026, at *19 (W.D. Mo. May 30, 2012) ("The claimant's voluntary noncompliance with treatment is a negative factor in determining credibility."). However, it is unclear how Plaintiff's "seemingly drug seeking behavior" or his history of drug abuse plays a role in his lack of credibility. If the ALJ finds that Plaintiff's drug seeking behavior renders him not credible, then the ALJ should provide an explanation to support his opinion.

Defendant contends the ALJ also considered the objective medical evidence when analyzing Plaintiff's credibility. The ALJ stated "it is found that the claimant's testimony describing totally incapacitating subjective complaints and medically imposed limitations of function . . . is unsupported by the totality of the medical and other evidence of record." R. 25. The ALJ failed to supplement this statement with specific instances of how Plaintiff's subjective complaints of pain were inconsistent with the medical evidence of record, and instead references the medical evidence when applying weight to each physician's opinion. The Court is not permitted to independently examine the issue and come to a conclusion on its own. *E.g.*, *Securities and Exchange Commission v. Chenery Corp.*, 318 U.S. 80, 88 (1943); *Banks v. Massanari*, 258 F.3d 820, 824 (8th Cir. 2001).

The case must be remanded to permit the ALJ to fully explain how he analyzed Plaintiff's credibility. On remand, the ALJ should provide a clear explanation how Plaintiff's residual functional capacity is derived and what evidence each component of the RFC is based on. In evaluating Plaintiff's subjective complaints, the ALJ is directed to consider the factors set forth in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.

2

1984), including: (1) Plaintiff's daily activities; (2) the duration, intensity, and frequency of pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; (5) any functional restrictions; (6) Plaintiff's work history; and (7) the absence of objective medical evidence to support Plaintiff's complaints.

Inasmuch as the case is being remanded, the ALJ should also reconsider the decision to discount Dr. Bright's opinion. The Court acknowledges a difference in opinion between Dr. Bright and Dr. Bland, and the ALJ is certainly free to believe one over the other. The ALJ shall permit Plaintiff to supplement the record with additional statements from Dr. Bright during the relevant time period. Finally, the ALJ is directed to re-evaluate Dr. Corsolini's opinion in light of Plaintiff's argument that Dr. Corsolini was not provided with Plaintiff's complete medical record.

Nothing herein is intended to suggest that Plaintiff's conditions renders him disabled prior to June 1, 2009, nor is the Court suggesting anything about the severity or extent of Plaintiff's conditions. These are matters for the ALJ to decide in the first instance. The Commissioner's decision is reversed and the case is remanded so these matters can be considered.

IT IS SO ORDERED.

DATE: June 26, 2013

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT